| | | |
|---|---|---|
| DAVID HENDERSON AND | § | DOCKET NO: 2019-0003664 A |
| DEANNA HENDERSON | § | |
| | § | |
| *Plaintiffs* | § | 21ST JUDICIAL DISTRICT COURT |
| v. | § | |
| | § | |
| JAYCO, INC. OF INDIANA, | § | TANGIPAHOA PARISH |
| DIXIE MOTORS, LLC, AND | § | |
| BANK OF THE WEST | § | |
| | § | |
| *Defendants* | § | STATE OF LOUISIANA |

## PETITION FOR DAMAGES

### I.   Parties

1.      Plaintiffs, DAVID HENDERSON and DEANNA HENDERSON, have been at all times material hereto a residents and citizens of State of Tennessee.

2.      Defendant, JAYCO, INC. OF INDIANA, hereinafter "JAYCO", is an Indiana corporation authorized to do and doing business in the State of Louisiana with its principal business establishment and registered office in Louisiana located at 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816. and whose agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

3.      Defendant, DIXIE MOTORS, LLC, hereinafter "DIXIE RV", is a Louisiana limited liability company authorized to do and doing business in the State of Louisiana with its principal place of business located at 10241 Destination Drive, Hammond, Louisiana 70403 and whose agent for service of process is T. Jay Seale, III, 200 N. Cate Street, Hammond, Louisiana 70401.

4.      Defendant, BANK OF THE WEST, hereinafter "BANK OF THE WEST", is a foreign financial institution authorized to doing business in the State of Louisiana.  BANK OF THE WEST's agent for service of process is  C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

### II.   Jurisdiction

5.      This Court has jurisdiction over the lawsuit because the Defendants are subject to personal jurisdiction in this Parish.

### III.   Venue

6.      Venue is proper in this Parish because the Defendants are subject to personal jurisdiction in this venue.

-1-

Submitted Date: 11/18/2019 9:44 PM  File Date: 11/18/2019 9:44 PM  Case Number: 2019-0003664  Tangipahoa, LA  Deputy Clerk: Vanessa Bailey

EXHIBIT
1

ORIGINAL SCANNED
VFB

### IV. Conditions Precedent

7.     All conditions precedents have been performed or have occurred.

### V.   Facts

#### A.  The Transaction

8.     On March 29, 2019, Plaintiffs purchased a new 2019 ENTEGRA INSIGNIA MODEL 44R bearing VIN 4VZAUID92KC085057, hereinafter "INSIGNIA," from DIXIE RV.   The INSIGNIA was purchased primarily for Plaintiffs's personal use.  The sales contract was presented to Plaintiffs at the dealership and was executed at the dealership.

9.     The sales price of the INSIGNIA was $301,329.45.

10.    The contract of sale was assigned to Defendant, BANK OF THE WEST.  The contract which was assigned contained the following provision:

> "NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."

#### D.   Actionable Conduct

11.    In fact, when delivered, the INSIGNIA was defective in materials and workmanship, with such defects being discovered within the warranty periods.  Many defective conditions have occurred since purchase, including, but not limited to the following timeline in the Plaintiffs' own words:

> "3/29/2019 – took ownership of 2019 Entegra Insignia 44R
>
> 3/29/2019 – stayed in our new Entegra Insignia, camping out on Dixie's campsite lot overnight on 3/29/2019
>
> 3/30/2019 – drove our new 2019 Entegra Insignia 44R to Destin, Florida
>
> 3/30/2019 – arrived at our campsite in Destin, Florida and followed the owner's manual for step-by-step directions on correct leveling of the coach and the guidance that Dixie reviewed with us during our walk through of the new unit.
>
> 1st issue discovered when attempting to level the unit – the two (2) front jacks came down but the rear did not work. The two (2) rear jacks remained in their retracted position without moving during the leveling process.
>
> Another attempt was made to retract the front jacks and re-level

-2-

to signal the rear jacks to work. When trying to retract the two (2) front jacks, the two (2) front jacks wouldn't retract and they stayed in the down position. We were unable to retract the front jacks at that time.

We contacted James Whatley at Dixie RV via his cell phone that had been provided to us during the purchase of the unit.

James Whatley walked us through all steps that he knew but nothing worked so he had a technician to call us.

James Whatley and the technician tried everything possible to assist us but nothing worked and the front two (2) jacks remained extended, in place.

At that time, James Whatley directed us to call Jayco Roadside Assistance. It was an extremely stressful situation as our lot was rented to another camper who was set to arrive the next day and no one could help us with getting our coach in a condition that could be moved out of the lot. Fortunately, the resort had understanding and worked with us on a late departure from the lot.

3/31/2019 -- Jayco sent a technician to visit our coach and he was able to manually retract the passenger side front jack but had to entirely remove the front driver side jack because it would not go up manually. We paid the technician and Entegra later reimbursed us for the service call and the work performed.

4/1/2019 – We called Buddy Gregg's RV is Knoxville, Tennessee. They directed us to bring the Entegra Insignia into their dealership for service to be performed at their quickest open appointment which was 4/11/2019.

4/11/2019 – Took the unit to Buddy Gregg's to be repaired.

5/20/2019 – Buddy Gregg's informed us they finally had our Entegra Insignia fixed except for the two (2) new replacement windows (the windows on each side of the front living area of the coach were previously detaching from the unit while driving since the day we took ownership of the unit). We picked up the Entegra on 5/20/2019. We tried to level the coach before leaving the dealership and it worked, with all jacks coming down to level the unit.

5/20/2019 – Arrived home from Buddy Gregg's RV with the Entegra coach. Attempted to level the unit but, once again, the back two (2) jacks stayed in the retracted position, not coming down at all.

5/21/2019 – Took the Entegra Insignia coach back to Buddy Gregg's RV in Knoxville, Tennessee. When leveling at the dealership, the coach leveled with all four (4) jacks. The service manager at Buddy Gregg's directed us to take the unit on our planned vacation to see how well it would function.

5/23/2019-6/7/2019 – We went on a two (2) week trip. Once we arrived at the RV resort in Naples, Florida, it took us four (4) tries of leveling and retracting the jacks to finally get all jacks to

descend but we could still feel a lot of bounce when walking through the coach during our entire stay at Naples RV Resort.

We left Naples RV Resort the following week to head to Hilton Head, South Carolina.

Once we had arrived at our site in the Hilton Head Motorcoach RV Resort, we had to attempt leveling three (3) times to get all four (4) jacks to descend and level the coach. We could still feel a lot of unsteady bounce in the unit when walking through inside.

6/7/2019 – Once we returned from our trip, we took the Entegra coach back to Buddy Gregg's RV to check the leveling system again and to install the two (2) faulty windows. The dash light had also went out on all gauges so we couldn't see any gauges during nighttime travel.

7/3/2019 – Buddy Gregg's informed us that everything was fixed on the coach with the exception of a broken pantry drawer that was broken on the day we took ownership. We made arrangements to bring the unit back in after our mini-trip so the pantry door could be repaired.

8/9/2019 -- Buddy Gregg's requested a video of the front dash lights and how they still weren't fixed. We made a video of the front dash lights nonfunctioning and sent the video to Sue in the service department at Buddy Gregg's RV.

8/15/2019-8/22/2019 – Drove the Entegra Insignia to Pigeon Forge, Tennessee for a mini-vacation. Once we arrived at the RV Resort, we attempted to level seven (7) times but the rear jacks never did descend so we had to camp in the unlevel coach during the stay which was very bouncy when walking. On this trip, it rained and the driver side window started leaking a lot of water into the coach.

After the trip, we called Sue at Buddy Gregg's RV. She said she couldn't get the unit in to repair the leak, dash lights, broken pantry door, leveling jack malfunction until 9/5/2019. We informed Sue that we would keep the unit stored in our garage so that rain water wouldn't leak into the coach. Sue agreed.

9/5/2019 – We dropped the coach off at Buddy Gregg's RV

10/11/2019 – Buddy Gregg's RV informed us that the coach was fixed and ready to pick up. The tech at Buddy Gregg's said he tested the dash lights and one time after they thought they had the issue fixed, the dash lights continued to malfunction, not lighting up the panel/gauges. He wasn't 100% certain the true issue had been addressed and fixed. He told us to keep an eye on it and let them know if the dash lights continued to malfunction. Buddy Gregg's also replaced the hydraulic pump and said the leveling system was working at this time.

10/15/2019 – We leveled the coach two (2) times inside the RV garage at our home. We were excited that the leveling system seemed to work better than it had since taking ownership of the unit. The bounce, when walking in the unit, was very much improved since taking ownership of the unit.

-4-

10/21/2019 – we drove the RV out of our garage and leveled it four (4) times on the concrete driveway. Everything worked and the front and rear jacks descended, leveling the unit. When we attempted to level on the fifth (5th) time, however, the rear jacks didn't descend. They stayed retracted without moving at all. We recorded the lights on the interior stating that the leveling process was complete and the unit was level. It wasn't level at all and the rear jacks were still retracted. We video taped the unit to show the front jacks down and the rear jacks up. We put a level on the rear hitch and took pictures showing how unlevel the unit was at that time. The dash lights continue to malfunction on occasion, working for the most part but still not lit up on some occasions. The rear paint chipping still hasn't been addressed. The faulty seal on the driver's side window that was found and replaced, causing the identified leak, hasn't been able to be tested yet because it hasn't been outside in rain since picking it up from Buddy Greggs.

Total Time Without Entegra Insignia:

4/1/2019 – 4/11/2019 – 11 days waiting to get the unit into Buddy Gregg's RV

4/11/2019 – 5/22/2019 – 41 days being repaired at Buddy Gregg's RV

6/7/2019 – 7/3/2019 – 26 days being repaired at Buddy Gregg's RV

7/4/2019 – 8/14/2019 – 28 days dash lights out

8/23/2019 – 9/5/2019 – 9 days waiting to take the unit back to Buddy Gregg's for repair

9/5/2019 – 10/11/2019 – 37 days being repaired at Buddy Gregg's 10/21/12019 – 10/29/2019 – 9 days and counting – the RV has non-working leveling system and is unusable at this time.

Total days of Ownership: 214 days

Current total time without possession of RV: 161 days without RV ***at present we have owned the coach for 214 days and only had the coach in our possession for use for 53 days and some of the time that the RV has been in our possession, it didn't work properly."

12.    Since purchase, Plaintiffs have returned their INSIGNIA to Defendants and authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendants were given the opportunity to repair the INSIGNIA, the more significant and dangerous conditions were not repaired. Defendants failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the INSIGNIA continues to this day to exhibit some or all of the non-conformities described herein.

13.    The defects experienced by Plaintiffs with the INSIGNIA substantially impaired its

-5-

use, value and safety.

14.     Plaintiffs directly notified all Defendants and each of them of the defective conditions of the INSIGNIA on numerous occasions. Plaintiffs notified Defendants that they wanted a rescission of the sale of the INSIGNIA but Defendants have failed and refused to buy back Plaintiffs's defective INSIGNIA.

15.     The INSIGNIA is a "thing" under La. Civil Code Articles 2520, et seq.

16.     JAYCO is a "manufacturer" under La. Civil Code Articles 2520, et seq.

17.     DIXIE RV is a "seller" under La. Civil Code Articles 2520, et seq.

18.     Plaintiffs are a "buyer" under in La. Civil Code Articles 2520, et seq.

19.     The defects described in the INSIGNIA vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

20.     Plaintiffs have provided the Defendants sufficient opportunity to repair his defective vehicle.

21.     Plaintiffs have performed each and every duty required of them under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendants, as herein alleged.

22.     The hidden defects in the INSIGNIA existed at the time of sale, but were not discovered until after delivery. The INSIGNIA is not usable and neither Plaintiffs nor a reasonable prudent buyer would have purchased the INSIGNIA had they known of the defects prior to the sale.

23.     Furthermore, Defendants failed to perform the repair work in a good and workmanlike manner. This conduct by Defendants constitute a breach of the implied warranties under Louisiana law, and entitles Plaintiffs to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, and out of pocket expenses.

24.     Under Louisiana Redhibition laws, Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevails. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection here within.

25.     Plaintiffs are indebted to BANK OF THE WEST as a result of his purchase of the

INSIGNIA. Plaintiffs are entitled to assert all claims and defenses stated above against their Lender as a defense to the debt.

### IX.   Prayer for Relief

26.   For these reasons, Plaintiffs pray for judgment against the Defendants for the following:

a.   For general, special and actual damages according to proof at trial;

b    Rescinding the sale of the 2019 ENTEGRA INSIGNIA MODEL 44R bearing VIN 4VZAUID92KC085057 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c.   For incidental and consequential damages according to proof at trial;

d.   Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

e.   Any diminution in value of the INSIGNIA attributable to the defects;

f.   Past and future economic losses;

g.   Prejudgment and post-judgment interest;

h.   Attorney fees;

i.   Costs of suit, expert fees and litigation expenses; and

j.   All other relief this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED:

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rick@rickdaltonlaw.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFFS

-7-

**PLEASE SERVE:**

JAYCO, INC. OF INDIANA
through its agent of service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

DIXIE MOTORS, LLC,
through its agent for service of process:
 T. Jay Seale, III
200 N. Cate Street
Hammond, Louisiana 70401

BANK OF THE WEST
through its agent of service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

*CITATION*

DAVID HENDERSON, ET AL

Versus

JAYCO INC OF INDIANA, ET AL



Case: 2019-0003664
Division: A
21ˢᵗ Judicial District Court
Parish of Tangipahoa
State of Louisiana

*VFB*

To:  JAYCO INC OF INDIANA
     THRU ITS AGENT OF SERVICE OF PROCESS
     CT CORPORATION SYSTEM
     3867 PLAZA TOWER DR
     BATON ROUGE, LA  70816


     Parish of EAST BATON ROUGE

  **YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

 This service was ordered by attorney RICHARD C DALTON and was issued by the Clerk of Court on November 19, 2019.

_Pleading Served_

PETITION FOR DAMAGES

_____
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

---

### Service Information

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE**: _____.

Returned:
Parish of _____ this _____ day of _____, 20____.

Service      $_____

Mileage      $_____                    By: _____
                                                 Deputy Sheriff

Total        $_____


FOOTERAREA

## CITATION



*DAVID HENDERSON, ET AL*

*Versus*

*JAYCO INC OF INDIANA, ET AL*

Case: 2019-0003664
Division: A
21ˢᵗ Judicial District Court
Parish of Tangipahoa
State of Louisiana

*VFB*

To: DIXIE MOTORS LLC
THRU ITS AGENT FOR SERVICE OF PROCESS
T JAY SEALE III
200 N CATE STREET
HAMMOND, LA 70401

Parish of Tangipahoa

**YOU ARE HEREBY SUMMONED** *to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.*

*This service was ordered by attorney RICHARD C DALTON and was issued by the Clerk of Court on November 19, 2019.*

<u>*Pleading Served*</u>

*PETITION FOR DAMAGES*

Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

---

### Service Information

*Received on the _____ day of _____, 20 _____ and on the _____ day of _____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named _____.*

**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

**DUE & DILIGENT UNABLE TO SERVE BECAUSE**: _____.

*Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

*Service*     $_____

*Mileage*    $_____         *By:* _____
                                              *Deputy Sheriff*

*Total*        $_____

FOOTERAREA

*CITATION*



DAVID HENDERSON, ET AL

*Versus*

JAYCO INC OF INDIANA, ET AL

Case: 2019-0003664
Division: A
21ʳᵗ Judicial District Court
Parish of Tangipahoa
State of Louisiana

To:  DIXIE MOTORS LLC
THRU ITS AGENT FOR SERVICE OF PROCESS
T JAY SEALE III
200 N CATE STREET
HAMMOND, LA  70401

DANIEL H. EDWARDS
SHERIFF                    VFB

NOV 2 1 2019

RECEIVED_____

Parish of Tangipahoa

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney RICHARD C DALTON and was issued by the Clerk of Court on November 19, 2019.

<u>Pleading Served</u>

PETITION FOR DAMAGES

*Vana Bailey*
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

8034

**Service Information**

Received on the __22__ day of __Nov__, 20 _19_ and on the __22__ day of __Nov__ 20 _19_ served the above named party as follows:

**Personal Service** on the party herein named _____

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _AWN VHEDA_, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE**: _____

Returned:
Parish of __TANGIPAHOA__ this _25_ day of __Nov__, 20 _19_.

Service  $ _____    By: _____ 415
Mileage  $ _____        Deputy Sheriff
Total    $ 51.60

SCANNED
MW

[ ORIGINAL ]

## CITATION

DAVID HENDERSON, ET AL

Versus

JAYCO INC OF INDIANA, ET AL



Case: 2019-0003664
Division: A
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

VFB

To:  BANK OF THE WEST
     THRU ITS AGENT FOR SERVICE OF PROCESS
     CT CORPORATION SYSTEM
     3867 PLAZA TOWER DR
     BATON ROUGE, LA  70816


     Parish of EAST BATON ROUGE

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney RICHARD C DALTON and was issued by the Clerk of Court on November 19, 2019.

_Pleading Served_

PETITION FOR DAMAGES

_Deputy Clerk of Court for_
_Gary T. Stanga, Clerk of Court_

---

### Service Information

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE**:_____.

Returned:
Parish of _____ this _____ day of _____, 20____.

Service      $_____

Mileage      $_____                 By: _____
                                              _Deputy Sheriff_

Total        $_____


FOOTERAREA

## NOTICE OF SERVICE

*DAVID HENDERSON, ET AL*

*Versus*

*JAYCO INC OF INDIANA, ET AL*



*Case: 2019-0003664*
*Division: A*
*21ˢᵗ Judicial District Court*
*Parish of Tangipahoa*
*State of Louisiana*

*DTM*

To:   RICHARD C DALTON
      RICHARD C DALTON L L C
      1343 W CAUSEWAY APPROACH
      MANDEVILLE, LA  70471-3043

*Date of Service: Friday, November 22, 2019*

*Number of Service: 1*

*Party Served: DIXIE MOTORS LLC THRU T JAY SEALE III*

*Personal/Domiciliary: Domiciliary THRU ANN*

*Issued by the Clerk of Court on November 26, 2019.*

**<u>Pleading Served</u>**

*PETITION FOR DAMAGES*

_____
*Deputy Clerk of Court for*
*Gary T. Stanga, Clerk of Court*

| | |
|---|---|
| 1   **DAVID HENDERSON AND**     § | **DOCKET NO:** 2019-0003664 A |
| 2   **DEANNA HENDERSON**     § | |

1  **DAVID HENDERSON AND**  §  **DOCKET NO:** 2019-0003664 A

2  **DEANNA HENDERSON**  §

3  §

4  *Plaintiffs*  §  **21ST JUDICIAL DISTRICT COURT**

5  **v.**  §

6  **JAYCO, INC. OF INDIANA,**  §  **TANGIPAHOA PARISH**

7  **DIXIE MOTORS, LLC, AND**  §

8  **BANK OF THE WEST**  §

9  §

10  *Defendants*  §  **STATE OF LOUISIANA**

11  **PETITION FOR DAMAGES**

### I.  Parties

1.    Plaintiffs, DAVID HENDERSON and DEANNA HENDERSON, have been at all times material hereto a residents and citizens of State of Tennessee.

2.    Defendant, JAYCO, INC. OF INDIANA, hereinafter "JAYCO", is an Indiana corporation authorized to do and doing business in the State of Louisiana with its principal business establishment and registered office in Louisiana located at 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816. and whose agent for service of process is C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

3.    Defendant, DIXIE MOTORS, LLC, hereinafter "DIXIE RV", is a Louisiana limited liability company authorized to do and doing business in the State of Louisiana with its principal place of business located at 10241 Destination Drive, Hammond, Louisiana 70403 and whose agent for service of process is T. Jay Seale, III, 200 N. Cate Street, Hammond, Louisiana 70401.

4.    Defendant, BANK OF THE WEST, hereinafter "BANK OF THE WEST", is a foreign financial institution authorized to and doing business in the State of Louisiana. BANK OF THE WEST's agent for service of process is  C T Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

### II.  Jurisdiction

5.    This Court has jurisdiction over the lawsuit because the Defendants are subject to personal jurisdiction in this Parish.

### III.  Venue

6.    Venue is proper in this Parish because the Defendants are subject to personal jurisdiction in this venue.

-1-

Submitted Date: 11/18/2019 9:44 PM Case Number: 2019-0003664_Tangipahoa, LA  Deputy Clerk: Vanessa Bailey

11/19/2019 8:30am VFB

ORIGINAL SCANNED VFB

## IV. Conditions Precedent

7.    All conditions precedents have been performed or have occurred.

### V.   Facts

#### A.  The Transaction

8.    On March 29, 2019, Plaintiffs purchased a new 2019 ENTEGRA INSIGNIA MODEL 44R bearing VIN 4VZAUID92KC085057, hereinafter "INSIGNIA," from DIXIE RV.   The INSIGNIA was purchased primarily for Plaintiffs's personal use.   The sales contract was presented to Plaintiffs at the dealership and was executed at the dealership.

9.    The sales price of the INSIGNIA was $301,329.45.

10.    The contract of sale was assigned to Defendant, BANK OF THE WEST.   The contract which was assigned contained the following provision:

> "NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."

#### D.    Actionable Conduct

11.    In fact, when delivered, the INSIGNIA was defective in materials and workmanship, with such defects being discovered within the warranty periods.   Many defective conditions have occurred since purchase, including, but not limited to the following timeline in the Plaintiffs' own words:

> "3/29/2019 – took ownership of 2019 Entegra Insignia 44R
>
> 3/29/2019 – stayed in our new Entegra Insignia, camping out on Dixie's campsite lot overnight on 3/29/2019
>
> 3/30/2019 – drove our new 2019 Entegra Insignia 44R to Destin, Florida
>
> 3/30/2019 – arrived at our campsite in Destin, Florida and followed the owner's manual for step-by-step directions on correct leveling of the coach and the guidance that Dixie reviewed with us during our walk through of the new unit.
>
> 1st issue discovered when attempting to level the unit – the two (2) front jacks came down but the rear did not work.  The two (2) rear jacks remained in their retracted position without moving during the leveling process.
>
> Another attempt was made to retract the front jacks and re-level

-2-

to signal the rear jacks to work.  When trying to retract the two (2) front jacks, the two (2) front jacks wouldn't retract and they stayed in the down position.  We were unable to retract the front jacks at that time.

We contacted James Whatley at Dixie RV via his cell phone that had been provided to us during the purchase of the unit.

James Whatley walked us through all steps that he knew but nothing worked so he had a technician to call us.

James Whatley and the technician tried everything possible to assist us but nothing worked and the front two (2) jacks remained extended, in place.

At that time, James Whatley directed us to call Jayco Roadside Assistance.  It was an extremely stressful situation as our lot was rented to another camper who was set to arrive the next day and no one could help us with getting our coach in a condition that could be moved out of the lot.  Fortunately, the resort had understanding and worked with us on a late departure from the lot.

3/31/2019 -- Jayco sent a technician to visit our coach and he was able to manually retract the passenger side front jack but had to entirely remove the front driver side jack because it would not go up manually.   We paid the technician and Entegra later reimbursed us for the service call and the work performed.

4/1/2019 – We called Buddy Gregg's RV is Knoxville, Tennessee.  They directed us to bring the Entegra Insignia into their dealership for service to be performed at their quickest open appointment which was 4/11/2019.

4/11/2019 – Took the unit to Buddy Gregg's to be repaired.

5/20/2019 – Buddy Gregg's informed us they finally had our Entegra Insignia fixed except for the two (2) new replacement windows (the windows on each side of the front living area of the coach were previously detaching from the unit while driving since the day we took ownership of the unit).  We picked up the Entegra on 5/20/2019.  We tried to level the coach before leaving the dealership and it worked, with all jacks coming down to level the unit.

5/20/2019 – Arrived home from Buddy Gregg's RV with the Entegra coach.  Attempted to level the unit but, once again, the back two (2) jacks stayed in the retracted position, not coming down at all.

5/21/2019 – Took the Entegra Insignia coach back to Buddy Gregg's RV in Knoxville, Tennessee.  When leveling at the dealership, the coach leveled with all four (4) jacks. The service manager at Buddy Gregg's directed us to take the unit on our planned vacation to see how well it would function.

5/23/2019-6/7/2019 – We went on a two (2) week trip.  Once we arrived at the RV resort in Naples, Florida, it took us four (4) tries of leveling and retracting the jacks to finally get all jacks to

descend but we could still feel a lot of bounce when walking through the coach during our entire stay at Naples RV Resort.

We left Naples RV Resort the following week to head to Hilton Head, South Carolina.

Once we had arrived at our site in the Hilton Head Motorcoach RV Resort, we had to attempt leveling three (3) times to get all four (4) jacks to descend and level the coach. We could still feel a lot of unsteady bounce in the unit when walking through inside.

6/7/2019 – Once we returned from our trip, we took the Entegra coach back to Buddy Gregg's RV to check the leveling system again and to install the two (2) faulty windows. The dash light had also went out on all gauges so we couldn't see any gauges during nighttime travel.

7/3/2019 – Buddy Gregg's informed us that everything was fixed on the coach with the exception of a broken pantry drawer that was broken on the day we took ownership. We made arrangements to bring the unit back in after our mini-trip so the pantry door could be repaired.

8/9/2019 -- Buddy Gregg's requested a video of the front dash lights and how they still weren't fixed. We made a video of the front dash lights nonfunctioning and sent the video to Sue in the service department at Buddy Gregg's RV.

8/15/2019-8/22/2019 – Drove the Entegra Insignia to Pigeon Forge, Tennessee for a mini-vacation. Once we arrived at the RV Resort, we attempted to level seven (7) times but the rear jacks never did descend so we had to camp in the unlevel coach during the stay which was very bouncy when walking. On this trip, it rained and the driver side window started leaking a lot of water into the coach.

After the trip, we called Sue at Buddy Gregg's RV. She said she couldn't get the unit in to repair the leak, dash lights, broken pantry door, leveling jack malfunction until 9/5/2019. We informed Sue that we would keep the unit stored in our garage so that rain water wouldn't leak into the coach. Sue agreed.

9/5/2019 – We dropped the coach off at Buddy Gregg's RV

10/11/2019 – Buddy Gregg's RV informed us that the coach was fixed and ready to pick up. The tech at Buddy Gregg's said he tested the dash lights and one time after they thought they had the issue fixed, the dash lights continued to malfunction, not lighting up the panel/gauges. He wasn't 100% certain the true issue had been addressed and fixed. He told us to keep an eye on it and let them know if the dash lights continued to malfunction. Buddy Gregg's also replaced the hydraulic pump and said the leveling system was working at this time.

10/15/2019 – We leveled the coach two (2) times inside the RV garage at our home. We were excited that the leveling system seemed to work better than it had since taking ownership of the unit. The bounce, when walking in the unit, was very much improved since taking ownership of the unit.

-4-

10/21/2019 – we drove the RV out of our garage and leveled it four (4) times on the concrete driveway. Everything worked and the front and rear jacks descended, leveling the unit. When we attempted to level on the fifth (5th) time, however, the rear jacks didn't descend. They stayed retracted without moving at all. We recorded the lights on the interior stating that the leveling process was complete and the unit was level. It wasn't level at all and the rear jacks were still retracted. We video taped the unit to show the front jacks down and the rear jacks up. We put a level on the rear hitch and took pictures showing how unlevel the unit was at that time. The dash lights continue to malfunction on occasion, working for the most part but still not lit up on some occasions. The rear paint chipping still hasn't been addressed. The faulty seal on the driver's side window that was found and replaced, causing the identified leak, hasn't been able to be tested yet because it hasn't been outside in rain since picking it up from Buddy Greggs.

Total Time Without Entegra Insignia:

4/1/2019 – 4/11/2019 – 11 days waiting to get the unit into Buddy Gregg's RV

4/11/2019 – 5/22/2019 – 41 days being repaired at Buddy Gregg's RV

6/7/2019 – 7/3/2019 – 26 days being repaired at Buddy Gregg's RV

7/4/2019 – 8/14/2019 – 28 days dash lights out

8/23/2019 – 9/5/2019 – 9 days waiting to take the unit back to Buddy Gregg's for repair

9/5/2019 – 10/11/2019 – 37 days being repaired at Buddy Gregg's 10/21/12019 – 10/29/2019 – 9 days and counting – the RV has non-working leveling system and is unusable at this time.

Total days of Ownership: 214 days

Current total time without possession of RV: 161 days without RV ***at present we have owned the coach for 214 days and only had the coach in our possession for use for 53 days and some of the time that the RV has been in our possession, it didn't work properly."

12.    Since purchase, Plaintiffs have returned their INSIGNIA to Defendants and authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendants were given the opportunity to repair the INSIGNIA, the more significant and dangerous conditions were not repaired. Defendants failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the INSIGNIA continues to this day to exhibit some or all of the non-conformities described herein.

13.    The defects experienced by Plaintiffs with the INSIGNIA substantially impaired its

-5-

use, value and safety.

14.     Plaintiffs directly notified all Defendants and each of them of the defective conditions of the INSIGNIA on numerous occasions. Plaintiffs notified Defendants that they wanted a rescission of the sale of the INSIGNIA but Defendants have failed and refused to buy back Plaintiffs's defective INSIGNIA.

15.     The INSIGNIA is a "thing" under La. Civil Code Articles 2520, et seq.

16.     JAYCO is a "manufacturer" under La. Civil Code Articles 2520, et seq.

17.     DIXIE RV is a "seller" under La. Civil Code Articles 2520, et seq.

18.     Plaintiffs are a "buyer" under in La. Civil Code Articles 2520, et seq.

19.     The defects described in the INSIGNIA vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

20.     Plaintiffs have provided the Defendants sufficient opportunity to repair his defective vehicle.

21.     Plaintiffs have performed each and every duty required of them under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendants, as herein alleged.

22.     The hidden defects in the INSIGNIA existed at the time of sale, but were not discovered until after delivery. The INSIGNIA is not usable and neither Plaintiffs nor a reasonable prudent buyer would have purchased the INSIGNIA had they known of the defects prior to the sale.

23.     Furthermore, Defendants failed to perform the repair work in a good and workmanlike manner. This conduct by Defendants constitute a breach of the implied warranties under Louisiana law, and entitles Plaintiffs to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, and out of pocket expenses.

24.     Under Louisiana Redhibition laws, Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevails. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection here within.

25.     Plaintiffs are indebted to BANK OF THE WEST as a result of his purchase of the

-6-

INSIGNIA. Plaintiffs are entitled to assert all claims and defenses stated above against their Lender as a defense to the debt.

## IX.   Prayer for Relief

26.     For these reasons, Plaintiffs pray for judgment against the Defendants for the following:

    a.    For general, special and actual damages according to proof at trial;

    b.    Rescinding the sale of the 2019 ENTEGRA INSIGNIA MODEL 44R bearing VIN 4VZAUID92KC085057 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

    c.    For incidental and consequential damages according to proof at trial;

    d.    Out-of-pocket damages for expenditures related to any cost of repairs, deductibles, and towing charges;

    e.    Any diminution in value of the INSIGNIA attributable to the defects;

    f.    Past and future economic losses;

    g.    Prejudgment and post-judgment interest;

    h.    Attorney fees;

    i.    Costs of suit, expert fees and litigation expenses; and

    j.    All other relief this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED:

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rick@rickdaltonlaw.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFFS

-7-

**PLEASE SERVE:**

JAYCO, INC. OF INDIANA
through its agent of service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

DIXIE MOTORS, LLC,
through its agent for service of process:
T. Jay Seale, III
200 N. Cate Street
Hammond, Louisiana 70401

BANK OF THE WEST
through its agent of service of process:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816

-8-